Tichenor v. Tichenor.

James F. Tichenor, appellant,

*v.*

Francis M. Tichenor, respondent.

1. An executor included in the inventory of the estate of testator commer-·cial paper made by him and found in the possession of testator at death. In accounting, the executor did not charge himself with the amount of such paper.—*Held*, that evidence to explain away and overcome the presumption arising from the possession of such paper and the solemn admission of liability arising from proving the inventory, ought to be clear, consistent and preponderating. In the absence of such evidence the executor should be charged therewith.

2. *Tichenor* v. *Tichenor, 16 Stew. Eq. 163*, affirmed, but without determining whether the accounting executor was competent to testify to transactions with ·or statements by testator.

On appeal from a decree of the Ordinary, whose opinion is reported in *Tichenor* v. *Tichenor, 16 Stew. Eq. 163*.

*Mr. F. W. Stevens*, for the appellant.

*Mr. J. W. Taylor*, for the respondent.

The opinion of the court was delivered by

Magie, J.

Two of the executors of James H. Tichenor, deceased (of whom appellant was one), filed an account of the estate in the

orphans court of Essex county. Respondent, who was a legatee and also an executor, but not one of the accountants, excepted to the account, because accountants had not charged themselves with the amount of a note given by appellant to decedent and of two drafts drawn by appellant in favor of decedent. Upon the hearing, appellant offered himself as a witness and was permitted, against the objection of respondent, to testify to transactions with and statements by testator. The admission of this evidence was put upon the ground that respondent, an executor, had previously been admitted as a witness in support of his exceptions. This ruling was obviously upon the theory that the fourth section of the Evidence act (*Rev. p. 378*) remained in full force, notwithstanding the supplement to that act, approved February 25th, 1880. *Rev. Sup. p. 287.*

Upon the whole evidence the orphans court sustained the exceptions and charged on appellant the amount of the note and drafts.

On appeal to the prerogative court, the Ordinary held that the case was within the ruling of this court in *Smith* v. *Burnet, 8 Stew. Eq. 314*, and that the evidence objected to was improperly admitted. Since, upon the rejection of that evidence, there was nothing to support the account, the decree was affirmed. *Tichenor* v. *Tichenor, 16 Stew. Eq. 163.*

If, as is now contended, the application to this case of the ruling in *Smith* v. *Burnet* was erroneous, the conclusion reached could be supported, if the supplement of 1880 forms the sole rule for the admission of parties as witnesses in suits in which some party appears in a representative capacity, as was held in the court of chancery in *McCartin* v. *Traphagen, 16 Stew. Eq. 323.*

Upon an appeal in the case last mentioned, this court, at this term, has construed the acts upon this subject, and has declared the effect of the act of 1880 upon previous legislation. The construction given by the orphans court in this case and that of the court of chancery were both repudiated. Under the construction now adopted, in suits wherein some party sues or is sued in a representative capacity, the representative party may

Tichenor *v.* Tichenor.

offer himself and become a witness either under the fourth section of the Evidence act or under the supplement of 1880, and the admissibility of evidence by a non-representative party will depend upon the course taken by the representative party in giving his testimony.

Under this construction the questions presented by this appeal are, (1) whether respondent, in the proceeding upon his exceptions, occupied the position of a party in a representative capacity—a question suggested but not settled in *Smith* v. *Burnet;* (2) if he was such a party, whether he was so offered and admitted to testify as to open the case to evidence by appellant respecting transactions with or statements by testator, and (3) whether, if the disputed evidence was admissible, the decree below was wrong.

But the second of these questions has not been argued. There has been no discussion of the character of the evidence given by respondent, or whether it was such as, under the construction of the Evidence act and its supplement now adopted, would legalize the disputed evidence of appellant. That construction had not been promulgated, and evidently had not occurred to counsel.

Under these circumstances, the court ought not to apply to this case the construction of the statutes now adopted unless it is necessary to a decision. If necessary, a re-argument ought to be permitted.

But, in my judgment, there is no necessity to determine whether appellant was a competent witness for all purposes. The question as to his competency has been stated with particularity, lest a general affirmance of the decree below should appear to be inconsistent with the utterance of this court in *McCartin* v. *McCartin, 18 Stew. Eq. 264.*

Assuming appellant competent as a witness in respect to the disputed testimony, the decree ought not, in my judgment, to be reversed.

The note in question, executed by appellant and found in the possession of deceased, raised a presumption of appellant's liability thereon.

The drafts in question are not shown to have been presented for acceptance, nor does it appear that notice of non-acceptance was given. But the evidence is sufficient to justify an inference that there was a waiver of such presentment and notice. Then the possession of the drafts also raised a presumption of appellant's liability thereon.

There was evidence that appellant had admitted such liability, notably and most conspicuously by having inventoried the note and drafts as assets of the estate. Such an inventory, proved in the manner required by statute, constitutes a solemn admission, under oath, of liability upon the note and drafts. Appellant was bound thereupon to charge himself in his account with the amount due thereon, and if he claimed to be discharged, he was bound to show how and why he should be so discharged. To explain away and overcome such presumptions and admissions, it is obvious, that evidence, clear, consistent and preponderating ought to be required.

The orphans court, having heard the witness examined, concluded that such evidence had not been produced. After a careful examination of the evidence, I am compelled to say that the conclusion of that court, if even questionable, is not so clearly erroneous as to justify a reversal.

I shall therefore vote to affirm the decree appealed from.

*Decree unanimously affirmed.*